IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CODY ALLEN STOTLER, #2145177, | § | |
| PETITIONER, | § | |
| | § | |
| v. | § | CASE NO. 3:18-CV-1037-B-BK |
| | § | |
| LORIE DAVIS, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, | § | |
| CORRECTIONAL INSTITUTIONS DIV., | § | |
| RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including a recommended disposition of the petition for writ of habeas corpus brought under 28 U.S.C. § 2254. Upon review, the habeas corpus petition should be **DENIED**.

## I.   BACKGROUND

On June 24, 2015, Petitioner Cody Allen Stotler pleaded guilty to possession of a controlled substance, 1-4 grams, and was sentenced to 10 years' imprisonment, probated for five years. Doc. 19-2 at 21, 28. Stotler did not file a direct appeal. Doc. 2 at 3. On June 6, 2017, the trial court entered a judgment revoking Stotler's probation and sentencing him to ten years' imprisonment. Doc. 19-2 at 28. Stotler did not appeal his probation revocation. Doc. 2 at 3. On February 2, 2018, Stotler filed an application for state writ of habeas corpus. Doc. 19-2 at 32-48. On April 4, 2018, the Texas Court of Criminal Appeals (TCCA) denied state habeas relief without written order. *Ex Parte Stotler*, No. WR-88,141-01, Doc. 19-1.

Stotler filed the Section 2254 petition in this case on April 13, 2018, alleging that (1) his trial counsel provided ineffective assistance, (2) his sentence constitutes cruel and unusual punishment, (3) his due process rights were violated at the revocation hearing and when he was transferred between various prison institutions, and (4) the state court judge hindered his appeal rights. Doc. 2. Stotler additionally alleged various civil rights violations. *Id.*

On May 29, 2018, the Court issued an Order severing Petitioner's civil rights claims from this habeas action. Doc. 8. The Court then ordered the Government to respond to Stotler's remaining claims. Doc. 9. The Government filed a response, arguing that the claims in Stotler's petition "are either untimely, unexhausted and procedurally barred, not cognizable on federal habeas review, or without merit." Doc. 20. Stotler did not file a reply.

The Court understands Stotler to assert:

1. Trial counsel was ineffective for:

    a. Failing to inform Stotler that she believed that the charges against him were the result of an illegal search and seizure,
    b. Coercing Stotler into pleading guilty by advising him to accept the state's plea offer;

2. His sentence of ten years imprisonment constitutes cruel and unusual punishment;

3. His due process rights were violated when the State failed to include cause number DCF201600052 in its notice of intent to introduce extraneous evidence at Stotler's revocation hearing;

4. The state court hindered his appellate rights by:
    (a) not asking Stotler if he wished to appeal, and
    (b) Stotler not knowingly and voluntarily waiving his right to an appellate attorney;

5. He was illegally transferred to various detention facilities on or around:

    a. September 19, 2016,
    b. April 27, 2017,
    c. June 26, 2017; and

2

> 6. He was not properly admonished under the state criminal procedure rules at his revocation hearing.

Doc. 2 at 6-9; 13-16.

## II. PROCEDURALLY BARRED CLAIMS

### A. Claims 4(a) and 6 are Unexhausted and Procedurally-Barred

A petitioner must fully exhaust state remedies by fairly presenting the factual and legal basis of any claim to the highest state court for review before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b); *Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013). A Texas prisoner may satisfy this requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Failure to exhaust is generally a procedural bar to federal habeas review, although the federal court may excuse the bar if the petitioner can demonstrate either cause or prejudice for the default or that the court's failure to consider the claims will result in a fundamental miscarriage of justice. *Ries v. Quarterman*, 522 F.3d 517, 523-24 (5th Cir. 2008) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

The State argues that Stotler failed to exhaust the claims that the trial court hindered his appellate rights on June 6, 2017, by not asking Stotler if he wished to appeal (Claim 4(a)); and on June 6, 2017, by not properly admonishing Stotler under Texas Code of Criminal Procedure article 42.07—specifically by not offering him the opportunity to say why the sentence should not be pronounced (Claim 6). Doc. 20 at 12-15. While Stotler failed to respond to the Government's argument, a review of the record reveals Stotler did not present these issues in his state habeas application. Doc. 19-2 at 32-50.

3

Stotler's failure to exhaust state court remedies constitutes a procedural default that bars this Court from considering his claims of trial court error. *Morris v. Drekte*, 413 F.3d 484, 490-92 (5th Cir. 2005); *Ries*, 522 F.3d at 523-24. Additionally, Stotler has not alleged or demonstrated cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court were to refuse to consider his claims. *See Coleman*, 501 U.S. at 750. Accordingly, claims 4(a) and 6 are procedurally barred and afford no relief to Stotler.

### III.  TIME-BARRED CLAIMS

**A. Claims 1(a) and 1(b) are Time-Barred**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d).

Stotler's Claims 1(a) and (b) allege ineffective assistance of counsel (IAC) with regard to his guilty plea and sentence of probation, on June 24, 2015. *See* Doc. 2 at 6, 13. An order of straight probation or deferred adjudication is a "judgment" for AEDPA limitations purposes. *Caldwell v. Dretke*, 429 F.3d 521, 528–29 (5th Cir. 2005). Consequently, Stotler filed his federal petition well beyond the one-year limitations period with regard to Claims 1(a) and (b). *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

Because Stotler did not appeal the trial court's June 24, 2015 judgment, it became final thirty days later, on July 24, 2015. *See* Tex. R. App. P. 26.2(a) (1) (stating that "[t]he notice of appeal must be filed ... within 30 days after the day sentence was imposed or suspended in open court, or after the day the trial court enters an appealable order"). Thus, the limitations period

4

expired one year later on July 24, 2016, which is extended to Monday July 25, 2016, because July 24, 2016 fell on a Sunday.  *See* FED. R. CIV. P. 6(a)(3).

Moreover, Stotler is not entitled to statutory tolling during the pendency of his state habeas applications.  *See* 28 U.S.C. § 2244(d)(2).  Because the earliest Stotler's state habeas application could be deemed filed is February 2, 2018 – the day he signed the application – his state application was filed more than one and a half years beyond the July 24, 2016 AEDPA deadline.  Thus, it cannot toll the one-year period.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (no statutory tolling if state application is filed after the limitations period expired).  Consequently, Stotler's IAC claims in his federal petition, filed on April 13, 2018, are outside the one-year limitations period under section 2244(d)(1)(A).

Additionally, subsections (B) through (D) of section 2244(d)(1) are inapplicable.  Stotler alleges no state-created impediment that prevented timely filing of this claim, does not base his claim on any new constitutional right, and the facts supporting his claims became or could have become known prior to the date on which his conviction became final.  Accordingly, Claims 1(a) and (b) are barred by limitations, absent equitable tolling.

### B.     Equitable Tolling

Stotler's filings, even when liberally construed in accordance with his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling.  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing") (quotations and quoted case omitted).  Unexplained delays do not evince due diligence or rare and extraordinary

5

circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("equity is not intended for those who sleep on their rights") (quotation and quoted case omitted).

Furthermore, this is not a case in which Petitioner pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). As previously noted, Stotler waited over a year and a half after the AEDPA limitations period had expired before pursuing his IAC claims in state court. This extended delay clearly indicates a lack of due diligence.

In addition, neither Stotler's *pro se* status nor his unfamiliarity with the law suffices to establish a rare and exceptional circumstance for purposes of equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim"); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (per curiam) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling").

Accordingly, the Court concludes that Stotler has not met his burden to establish that equitable tolling is warranted regarding Claims 1(a) and (b). *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling). They are therefore time-barred.

## IV.  REMAINING CLAIMS

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. When reviewing state proceedings, "federal courts do not sit as courts of appeal and error for state court convictions." *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). A person seeking federal habeas corpus review must assert a violation of a

6

federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

Federal habeas corpus relief for state prisoners has been further limited by the AEDPA. The provisions of Section 2254(d) provide that an application for a writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *see Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). In order to obtain a writ of habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement. *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011). A petitioner must show that there was no reasonable basis for the state court to deny relief. *Id*. at 98.

Moreover, a federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). The AEDPA has modified a federal habeas court's role in reviewing state prisoner applications to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see Williams*, 529 U.S. at 404.

A state application that is denied without written order by the Texas Court of Criminal Appeals is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits, while a "dismissal" means the claim was declined on grounds other than the merits). A state court's factual findings "shall be presumed to be correct" unless petitioner carries the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness also applies to unarticulated findings that are necessary to the state court's conclusions of mixed law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001).

### A.   Cruel and Unusual Punishment

Stotler appears to allege that his ten-year sentence of imprisonment constitutes cruel and unusual punishment because he was previously offered a plea deal of three years of imprisonment. Doc. 2 at 6, 13. However, aside from stating his general contention, Stotler provides no argument, or support from the record. In conclusory fashion, Stotler simply avers that his ten-year sentence for possession of a controlled substance is cruel and unusual. His mere assertion, unsupported by evidence from the record, is insufficient. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) (stating "[m]ere conclusory statements do not raise a constitutional issue in a habeas case.").

Furthermore, Stotler raised this claim in his state habeas application, *see* Doc. 19-2 at 39, which the CCA denied, *see* Doc. 19-1. And Stotler fails to show the state court proceedings

8

resulted in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  *See Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at1224-25.

As such, Stotler has failed to show that there was no reasonable basis for the state court to deny relief.  *See Richter*, 562 U.S. at 98.  Thus, his claim fails.

### B.     Due Process Violation

Stotler argues his due process rights were violated when the State failed to include cause number DCF201600052 in its notice of intent to introduce extraneous evidence during Stotler's revocation hearing.  Specifically, Stotler argues that "the State filed a motion to use extraneous acts, crimes, or wrongs committed by [Stotler] to use against [him] for the contestant hearing on June 6, 2017.  Cause No. DC-F201600052 was never introduced on this motion at all."  Doc. 2 at 13-14.  He argues this violated his right to due process.  *Id*. at 8.

In his state habeas application, Stotler raised this claim on purely state law grounds.  Doc. 19-2 at 41-42.  He alleged that the "[p]rosecutor's acts were in violation of Texas Code [of] Criminal Procedure Articles 37.07 and 38.37, as well as Texas Rules of Evidence 404(b) by not giving the defendant 30 days' notice before trial."  *Id*. at 42.  He apparently makes the same argument in his Section 2254 motion.  *See* Doc. 2 at 15.  Federal courts review of violations of state law in a federal habeas petition are limited to the question of whether the alleged violation rendered the trial as a whole fundamentally unfair.  *Bigby v. Dretke*, 402 F.3d 551, 574 (5th Cir. 2005) (citing *Fuller v. Johnson*, 158 F.3d 903, 908 (5th Cir. 1998).  On federal habeas review of state court convictions, a federal harmless error standard applies.  *See Brecht v. Abrahamson*,

9

507 U.S. 619, 637–38 (1993). Thus, a petitioner is "not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" *Id*. at 637. This is a standard that Stotler cannot meet.

The Court first notes that while the State may have failed to include Cause No. DC-F201600052 in their notice of intent to use extraneous evidence, they also "waived" and "abandoned" the allegation on which it was based and did not introduce Cause No. DC-F201600052 at the revocation hearing. *See* Doc. 20-2 at 7, 11, 14, 30, 57). The record reflects that the State relied on at least three other violations of Stotler's probation, as evidence that Stotler's probation should be revoked. That evidence included testimony from Stotler's probation officer to demonstrate that Stotler failed to (1) abstain from using illegal substances, (2) report to his supervision officer each month, and (3) complete a required substance abuse program and 160 hours of community service. *See Id*. at 11-28. The trial court found the allegations to be true and revoked Stotler's probation. *Id*. at 30. On these facts, Stotler cannot demonstrate that the State's failure to include Cause No. F201600052 in their notice of intent to introduce extraneous evidence caused him 'actual prejudice.' *See Brecht*, 507 U.S. at 638.

Moreover, Stotler raised this issue in his state habeas application. Doc. 19-2 at 41. He has also failed to demonstrate the state court denial was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of facts. *Williams*, 529 U.S. at 402-03 (2000). Stotler fails to show there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98.

Thus, this claim likewise fails.

10

### C. State Appellate Rights

Without further clarification, Stotler states that his appeal process was hindered because "on June 6th 2017 [he] never knowingly and voluntar[ily] waived his right to appeal attorney." Doc. 2 at 8.[1] Stotler's conclusory claim is unavailing. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d. 285, 288 n.3 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796 799 (5th Cir. 1982) (stating that conclusory claims are insufficient to entitle a habeas corpus petitioner to relief).

Moreover, Stotler raised this issue in his state habeas application. Doc. 19-2 at 44. He has failed to demonstrate the state court denial was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of facts. *Williams*, 529 U.S. at 402-03 (2000). Stotler fails to show there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98.

### D. Illegal Prison Transfers

Stotler alleges he was illegally transferred between detention facilities on three separate occasions. Doc. 2 at 9, 14. He claims that the transfers violated his plea agreement, as well as his right to due process. *Id*. at 14. Federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the "fact or duration" of his confinement or merely the rules, customs, and procedures

---

[1] The Court notes that under this same ground, in Claim 4(a), Stotler also argues that the state court "never asked [Stotler] if he wished to appeal, only notified of right to appeal." Doc. 2 at 8. As noted *supra*, such claim is procedurally barred.

11

affecting "conditions" of confinement." *Cook v. Tex. Dep't. of Criminal Justice Transitional Planning Dep't.*, 37 F.3d 166, 168 (5th Cir. 1994). A habeas corpus petition is appropriate for a state prisoner "challenging the fact of confinement." *Id.* If a favorable ruling would "automatically entitle [the prisoner] to accelerated release," then the action is one for habeas corpus. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). But habeas review "is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). Because Stotler is not challenging the fact of his detention, this claim is not cognizable and should be dismissed. *See Cook*, 37 F. 3d at 168; *Orellano*, 65 F.3d at 31.

## V. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DENIED**.

**SO RECOMMENDED** on May 15, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

12